Matter of Gilgoff (Commissioner of Labor) (2026 NY Slip Op 01834)

Matter of Gilgoff (Commissioner of Labor)

2026 NY Slip Op 01834

Decided on March 26, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 26, 2026

CV-25-0332
[*1]In the Matter of the Claim of Joshua Gilgoff, Appellant. Commissioner of Labor, Respondent.

Calendar Date:February 19, 2026

Before:Garry, P.J., Clark, Pritzker, McShan and Corcoran, JJ.

Joshua Gilgoff, Pottsville, Pennsylvania, appellant pro se.
Letitia James, Attorney General, New York City (Dawa Jung-Acosta of counsel), for respondent.

Clark, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 24, 2024, which denied claimant's application to reopen and/or reconsider a prior decision.
Claimant was hired for a temporary position with the YMCA in the State of Washington. The position was scheduled to run from March 4, 2019 to June 17, 2019. During that period, the YMCA offered claimant an opportunity to continue working for another four months after June 17, 2019. Claimant rejected that offer due to its low rate of pay. Claimant also informed the YMCA that he was leaving employment on June 9, 2019 in order to return to New York due to his father being hospitalized. In February 2020, claimant applied for unemployment insurance benefits, referencing the YMCA as his last employer. The Department of Labor granted the application, and the YMCA objected. Following a hearing in July 2020, at which claimant did not appear, an Administrative Law Judge (hereinafter ALJ) overruled the Department's determination, finding that claimant was ineligible to receive benefits because he had voluntarily separated from his employment without good cause. The Department then issued a new determination in August 2020, finding claimant ineligible to collect benefits because he voluntarily left his position without good cause and charging him with a recoverable overpayment of unemployment insurance benefits and Federal Pandemic Unemployment Compensation (hereinafter FPUC) benefits. The Department further held that claimant had made willful misrepresentations to obtain benefits and imposed forfeiture and monetary penalties as a result thereof.
In November 2023, claimant applied to reopen the July 2020 and August 2020 determinations. The Department objected to reopening on timeliness grounds. Following hearings, at which claimant testified as to the timeliness issue and the circumstances involving him leaving his employment, the ALJ denied claimant's application to reopen as untimely. Upon review, in a decision filed August 1, 2024, the Unemployment Insurance Appeal Board reversed the ALJ's determination and granted claimant's application to reopen. Upon reopening, the Board sustained the Department's finding that claimant was disqualified from receiving unemployment insurance and FPUC benefits because he had voluntarily separated from his employment without good cause, that he was subject to the recovery of overpayments of those benefits and that he made willful false statements to obtain benefits and was subject to forfeiture and monetary penalties. Claimant's subsequent application for reopening and reconsideration of the Board's decision was denied in a September 24, 2024 decision, and claimant appeals.[FN1]
We affirm. "[A] claimant who voluntarily separates from employment without good cause is disqualified from receiving unemployment insurance benefits" (Matter of Mercedes [Commissioner of Labor], 241 AD3d 1031, 1033 [3d Dept 2025]; see Labor Law § 593 [1] [a]; Matter of Klosterman [*2]v [New York State Dept. of Corr. & Community Supervision-Commissioner of Labor], ___ NY3d ___, ___, 2025 NY Slip Op 06960, *1 [Dec. 16, 2025]). "Whether a claimant has good cause to leave his or her employment is a factual question for the Board to resolve and its decision will not be disturbed if supported by substantial evidence" (Matter of Pope [Commissioner of Labor], 224 AD3d 1039, 1039 [3d Dept 2024] [internal quotation marks and citations omitted]; accord Matter of Gaffney [Commissioner of Labor], 243 AD3d 1007, 1008 [3d Dept 2025]). "Issues of witness credibility, the evaluation of evidence and the inferences to be drawn therefrom are within the exclusive province of the Board" (Matter of Smith [Commissioner of Labor], 228 AD3d 1159, 1160 [3d Dept 2024] [internal quotation marks and citations omitted]; accord Matter of Salloum [Commissioner of Labor], 238 AD3d 1394, 1397 [3d Dept 2025]).
The record reflects that, although his position was scheduled to end on June 17, 2019, claimant left employment on June 9, 2019 in order to return to New York because his father had been hospitalized. While understandable, "absent a compelling medical necessity, relocating in order to care for a sick relative does not constitute good cause for leaving employment" (Matter of Correa [Commissioner of Labor], 32 AD3d 1090, 1090 [3d Dept 2006]; see Labor Law § 593 [1] [b] [ii]; Matter of Soler [Commissioner of Labor], 24 AD3d 936, 937 [3d Dept 2005]). Claimant did not demonstrate that his presence in New York was medically necessary for his father's well-being, as he admitted that the only care he provided his father was to "bring him certain items and just be available." Accordingly, substantial evidence supports the Board's determination that claimant is ineligible for unemployment insurance benefits because he voluntarily left his employment without good cause (see Matter of Correa [Commissioner of Labor], 32 AD3d at 1091; Matter of Lugo [Commissioner of Labor], 294 AD2d 689, 689-690 [3d Dept 2002]). Given the Board's finding that claimant was ineligible for unemployment insurance benefits, he was also not eligible for federal pandemic assistance and the FPUC benefits paid to him were properly recoverable (see 15 USC § 9023 [f] [2]; Matter of Klosterman v [New York State Dept. of Corr. & Community Supervision-Commissioner of Labor], ___ NY3d at ___, 2025 NY Slip Op 06960, *1; Matter of Knehnetsky [Commissioner of Labor], 239 AD3d 1218, 1219 [3d Dept 2025]; Matter of Ejim [Commissioner of Labor], 238 AD3d 1461, 1463 [3d Dept 2025]).
"As to the penalties imposed, whether a claimant has made a willful misrepresentation to obtain benefits is a factual issue for the Board to resolve and will be upheld if supported by substantial evidence" (Matter of Ficalora [Commissioner of Labor], 233 AD3d 1215, 1217 [3d Dept 2024] [internal quotation marks and citations omitted]; see Labor Law § 594 [1]; Matter of Carmody [Commissioner of Labor], ___ NY3d ___, ___, 2025 NY Slip [*3]Op 06963, *1 [Dec. 16, 2025]; Matter of Yura [Commissioner of Labor], 224 AD3d 1055, 1056 [3d Dept 2024]). The record reflects thatwhen he was interviewed by the Department after he applied for unemployment insurance benefits, claimant indicated that the term of employment offered by the YMCA had ended on June 9, 2019. As a result of this statement, the Department issued its initial determination finding claimant eligible for unemployment insurance benefits. The record, however, also contains the letter of employment from the YMCA stating that claimant's term of employment was scheduled to end on June 17, 2019 and claimant admitted at the hearing that, by leaving on June 9, 2019, he had left his employment "early." In light of the foregoing, substantial evidence supports the Board's determination that claimant made a willful misrepresentation to obtain benefits and its finding of recoverable overpayments of unemployment insurance benefits and the imposition of monetary and forfeiture penalties will not be disturbed (see Matter of Ejim [Commissioner of Labor], 238 AD3d at 1464; Matter of Ficalora [Commissioner of Labor], 233 AD3d at 1218). Finally, any issue regarding whether the Department charged the proper employer's account for claimant's benefits does not negate the Board's finding that claimant is responsible for recoverable overpayments of unemployment insurance benefits and FPUC benefits, and for the forfeiture and monetary penalties imposed for his willful misrepresentation. Claimant's remaining contentions, to the extent not specifically addressed, have been considered and found to be without merit.
Garry, P.J., Pritzker, McShan and Corcoran, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Because claimant's application for reopening and/or reconsideration was filed within 30 days of the Board's August 1, 2024 decision, the merits of the underlying claim are properly before us (see Matter of Harrison [Commissioner of Labor], 232 AD3d 1026, 1026 n [3d Dept 2024]). That said, as claimant raises no arguments related to the Board's denial of his application for reopening and/or reconsideration, he has abandoned any claims thereto (see Matter of Ciotoli [Commissioner of Labor], 199 AD3d 1181, 1182 n 2 [3d Dept 2021]).